UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRETHAKA OU,

    Plaintiff,

v.                                            Case No. 8:22-cv-1341-WFJ-SPF

CLICK LABS, INC., SAMAR SINGLA,
and CLICK-LABS.COM,

    Defendants.
_____/

## ORDER DENYING TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiff's *ex parte* motion for temporary restraining order (Dkt. 12), which was filed last evening. After careful consideration of the motion, exhibits, and the entire file, the Court concludes the *ex parte* motion should be denied.

### BACKGROUND

Plaintiff filed a complaint against Defendants on June 10, 2022. Dkt. 1. The complaint seeks damages for violations of 15 U.S.C. § 45(a) under the Federal Trade Commission Act (Count I), breach of the Master Services Agreement and the Non-Disclosure Agreement pertaining to a dating application created by Plaintiff (Count II), unjust enrichment (Count III), fraud (Count IV), and infliction of emotional distress based on Plaintiff's employees and members having lost

funds and opportunities to acquire market share (Count V).  *Id*.  The complaint is accompanied by a declaration signed by Mr. Allan Jorits, who is a principal and authorized signatory for Plaintiff Grethaka OU, an online application development and marketing company located in Finland.  Dkt. 1-2; Dkt. 12-1 at 1.  Mr. Jorits is also the co-inventor of the mobile dating application at issue.  Dkt. 1-2.

      The dispute involves services covered by the Master Services Agreement, which relate to the creation of a dating application by Plaintiff—"an online platform where users can view nearby users and connect with them via chat/video call."  Dkt. 1 ¶ 1; Dkt. 1-3 at 6.  Specifically, Plaintiff paid fees totaling over $100,000 to Defendants to code for the application.  Dkt. 1 ¶ 25.  Plaintiff grew concerned about the quality of the coding by Defendants and pointed out errors to Defendants.  Dkt. 1-2.  Rather than successfully fixing the errors, Defendants stopped working on the application, removed Plaintiff's application from the server thereby preventing Plaintiff from accessing the application, and failed to timely deliver the completed application.  *Id*.  According to Mr. Jorits, Defendants refused to provide him with the current code for the application in order for a qualitive analysis of the code to be performed.  *Id*.  The dispute also involves violations of the written non-disclosure agreement—Defendants allegedly provided access of confidential information to unauthorized persons who are unnecessary to the

performance of the Master Service Agreement, such as financial information of Plaintiff. Dkt. 1 ¶ 29; Dkt. 1-6; Dkt. 12-1 at 2–3.

Although the complaint seeks damages, the body of Count II for breach of contracts requests a temporary restraining order, upon filing the appropriate motion. Dkt. 1 ¶ 51. Plaintiff alleges such order would be "issued against the financial accounts" of Defendants and against Defendants' "continued disclosure of Plaintiff's confidential information." *Id*. In the instant motion, Plaintiff seeks temporary injunctive relief without notice pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65. The declaration of Robert M. DeWitty accompanies the motion. Dkt. 12-2. Mr. DeWitty avers Plaintiff's online application is not available for download from the remote server, that Defendants often transfer their money to an account overseas, and that Plaintiff suffers irreparable harm due to the inability to garner market share in the online dating business. *Id*. He avers the dating application never performed at a functional level as agreed to by the parties. *Id*.

## LEGAL STANDARD

To demonstrate entitlement to temporary injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted: (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry

of the relief would serve the public interest. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted); Fed. R. Civ. P. 65(b); Local Rule 6.01, M.D. Fla. Rule 65 requires that Plaintiff's attorney certify any efforts made to give notice and the reasons why it should not be required. Local Rule 6.01(b)(2) requires the movant give the reason why notice is impractical. Irreparable injury is "the *sine qua non* of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quotation omitted).

## DISCUSSION

The extraordinary remedy of a temporary restraining order requires the Plaintiff show that immediate and irreparable injury is "so imminent that notice and a hearing is impractical if not impossible." *Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (denying motion for temporary injunctive relief against trademark holder). Plaintiff contends that notice is unnecessary and, in fact, undesirable because Defendants will remove funds from a U.S.-based bank account to offshore accounts. Dkt. 12-1 at 2. Plaintiff also contends Defendants will continue to "spread information about Plaintiff's intellectual property, including computer code, app designs, and business information." *Id*. The Court finds that Plaintiff is not entitled to relief without notice and hearing.

4

Assuming Plaintiff has established a substantial likelihood of success on its breach of contracts claim, Plaintiff must nevertheless show irreparable harm. Plaintiff relies on three main premises to demonstrate irreparable harm: 1) Defendants will move their money to overseas accounts, if they already have not done so; 2) Defendants have divulged confidential information to parties other than those permitted per the agreements; and 3) Defendants have wrongfully removed Plaintiff's application from a server thereby foreclosing access by the Plaintiff. Specifically, Plaintiff requests "an order for (1) a Cease and Desist on the use of Plaintiff's confidential information, (2) a re-establishment of Plaintiff's app on servers per contractual terms, (3) a temporary freeze on all financial accounts linked to Defendants, and (4) the authorization of limited, expedited discovery allowing Plaintiff to identify the Defendants and inspect their financial account(s)." *Id.* at 9.

First, the threat of a defendant transferring money is not typically considered irreparable harm. Part of injunctive relief requires that no adequate remedy at law exists. *Rosen v. Cascade Int'l, Inc.*, 21 F.3d 1520, 1527 (11th Cir. 1994). Plaintiff's complaint seeks damages, even though one paragraph of the count for breach of contracts does mention injunctive relief might be pursued. The question before *Rosen* was "whether a district court has the power to enter a preliminary injunction freezing the assets of a defendant before trial in a case where the

plaintiffs seek only money damages." *Id*. at 1526; *see also Dongshin Motech Co. v. Kang*, No. 1:20-cv-2284-SCJ, 2020 WL 4548715, at *2 (N.D. Ga. June 8, 2020) (quoting *Rosen*).  The submissions do not show that the funds at risk are sought for a reason other than to eventually satisfy the judgment that ultimately might be rendered at the conclusion of this litigation.  Consequently, the Court declines to enter an order freezing Defendants' bank accounts.

For the reasons involving the confidential information and/or intellectual property and the Defendants' removal of the app from the server, the Court finds that irreparable injury has not been shown to warrant imposition of a restraining order without notice.

Plaintiff's reliance on the Non-Disclosure Agreement as support for the contention that the parties consented in writing to the granting of temporary injunction relief is unavailing.  The agreement provides:

> Either Party, before or during any legal proceedings, may apply to a court having jurisdiction for a temporary restraining order or preliminary injunction where such relief is necessary to protect the Party's interests in pending completion of the legal proceedings.

Dkt. 1-6 ¶ 22.  The clear language of the provision states that either party to the contract "may apply" for a restraining order "where such relief is necessary to protect" the interests of the parties.  Nowhere in the contract, however, do the parties expressly stipulate to the existence of irreparable harm in the event of breach.  *See NuVasive, Inc. v. Absolute Med., L.L.C.*, No. 6:17-cv-2206-Orl-

6

41GJK, 2018 WL 2215456, at * 2 (M.D. Fla. May 15, 2018) (finding contract provision that party has "right to obtain injunctions" does not constitute stipulation to irreparable harm).[1]  Without such a stipulation, irreparable injury must be demonstrated.

Accordingly, Plaintiff's *ex parte* motion for temporary injunction relief (Dkt. 12) is denied.

**DONE AND ORDERED** at Tampa, Florida, on July 7, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[1] *NuVasive* cites to a Delaware case that Plaintiff relies upon: *AM Gen. Holdings, LLC v. Renco Grp, Inc.*, No. 7639–VCN, 2012 WL 6681994 (Del. Ch. Dec. 21, 2012).  *NuVasive* aptly distinguishes the contract in the Delaware case, which provides that a party has the right to obtain injunctive relief and "each party waives any objection to the imposition of such relief." 2018 WL 2215456, at *2.  Both courts agreed that this provision was a stipulation to irreparable harm.