UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GRETHAKA OU,

Plaintiff,

vs.

CLICK LABS, INC., SAMAR SINGLA, and CLICK-LABS.COM,

Defendants.

CASE NO: 8:22-cv-01341-WFJ-SPF

_____/

**DEFENDANT, CLICK LABS, INC.'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, CLICK LABS, INC. ("Click Labs"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Court to dismiss the Complaint filed by Plaintiff, GRETHAKA OU, and in support states as follows:

1. Plaintiff is an online application development and marketing company located in Finland.

2. Click Labs is a technology service provider located in Florida

3. Plaintiff alleges that it entered into Master Service Agreement ("MSA") with Click Labs, pursuant to which Click Labs was tasked with developing an online dating application called "Sextimer."

4. Plantiff claims that during the development process, it identified errors in work performed by Click Labs. At that point it demanded access to Click Labs's source code, which Click Labs naturally refused.

5. Although it admits it did not pay Click Labs the full contract price under the MSA, Plaintiff alleges that Click Labs improperly stopped work and did not complete development of the app.

6. In its Complaint, Plaintiff sued Click Labs under five counts: 1) Violation of 15 U.S.C. s. 45(a) ("FTC Act"); 2) Breach of Contract; 3) Unjust Enrichment; 4) Fraud; and 5) Infliction of Emotional Distress.

7. All five counts of Plaintiff's Complaint should be dismissed by this Court under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.

## Memorandum of Law

### Count I

In Count I of the Complaint, Plaintiff sues Click Labs for allegedly violating 15 U.S.C. s. 45(a) ("FTC Act"). While the allegations in this Count are factually deficient and seemingly unrelated to the general allegations regarding application development under the MSA, it is unnecessary for the Court to examine whether Plaintiff states a claim under Count I. This is because Section 5 of the FTC Act does not allow for a private right of action, and vests the exclusive right of enforcement in the Federal Trade Commission. *See* 15 U.S.C. s. 45.

**Count II**

In Count II of the Complaint, Plaintiff sues Click Labs for breach of contract. Plaintiff alleges that it had only paid Click Labs $100,000.00 at the point where it demanded that Click Labs allow it to review the source code. However, pursuant to the MSA, Click Labs was not required to hand over the source code until it received final payment in the total amount of $150,000.00 See Exhibit "A" to Plaintiff's Complaint. Therefore, even accepting Plaintiff's allegations as true, it admits to demanding extra-contractual performance from Click Labs without making payment in full.

Given the sensitive and confidential nature of source code, such a demand from Plaintiff, coupled with its failure to pay the contract in full, qualifies as a material breach of the contract. In Florida, when one party to a contract materially breaches its obligations first, the other party to the contract is discharged from having to perform its obligations. *Bradley v. Health Coal., Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997); *Focus Mgmt. Group USA, Inc. v. King*, 171 F. Supp. 3d 1291, 1297 (M.D. Fla. 2016); *Toyota Tsusho America, Inc. v. Crittenden*, 732 So. 2d 472, 477 (Fla. 5th DCA 1999) ("When a nonbreaching party to a contract is confronted with a breach by the other party, the nonbreaching party may stop performance, treating the breach as a discharge of its contractual liability"). Consequently, Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Further, Plaintiff improperly asserts a claim for punitive damages in paragraph 45 of Count II without establishing a sufficient factual basis for such a claim. To the extent any portion of Count II survives this Motion to Dismiss, Plaintiff's claim for punitive damages should be dismissed outright.

**Count III**

In Count III of the Complaint, Plaintiff sues Click Labs for unjust enrichment. To prove an unjust enrichment claim in Florida, the plaintiff must establish that: 1) it conferred a benefit on the defendant; 2) the defendant knew of the benefit; 3) the defendant accepted or retained the benefit; 4) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying fair value for it. *14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc.*, 43 So. 3d 877, 881 (Fla. 1st DCA 2010). Here, Plaintiff has merely alleged that it paid Click Labs $100,000.00 for services performed in the development of the application, Defendants are no longer allowing Plaintiff to access the current version of the app, and Defendants stopped working following a dispute over the quality of the work and access to source code. Plaintiff has failed to allege that it conferred a benefit on Click Labs, or what the fair value of such a benefit might be in light of the fact that Click Labs performed services in exchange for payment. Therefore, Count III of Plaintiff's Complaint must be dismissed.

**Count IV**

In Count IV of the Complaint, Plaintiff sues Click Labs for fraud. Plaintiff essentially restates its breach of contract allegations – that Click Labs's work contained errors which it failed to correct. To the extent Count IV even articulates that Click Labs made a misrepresentation of fact, a fraud claim is completely inappropriate as a matter of law where the alleged misrepresentations are identical to the contract obligations, and where the theoretical tort damages are the same as the theoretical contract damages. *Islands Travel & Tours, Ltd., Co. v. MYR Independent, Inc.*, 300 So. 3d 1236 (Fla. 3rd DCA 2020). Further, Federal Rule of Civil Procedure 9(b) states:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Here, Plaintiff has not stated its fraud claim with specificity, and has merely restated alleged violations that are identical to the contract obligations. Therefore, Count IV must be dismissed.

**Count V**

In Count V of the Complaint, Plaintiff sues Click Labs for infliction of emotional distress. Plaintiff claims "persons associated with Plaintiff" – a business organization – suffered emotional distress because Defendants prohibited it from accessing the Sextimer application. Plaintiff does not specify who these "persons" are, but in any event a company cannot suffer emotional distress. Further, to state

a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe." *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). Here, Plaintiff alleges none of these elements, and Count V should be dismissed.

### 3.01(g) Certificate of Good Faith Conference

Defendant certifies that it conferred with Plaintiff's counsel in effort to resolve this Motion without Court intervention. The parties did not reach an agreement as to the relief requested.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 8th day of August, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Christopher M. Harne
Patrick H. Willis, Esq.
Florida Bar No.: 0526665
Christopher M. Harne, Esq.
Florida Bar No.: 0800791
Willis & Oden, PL
2121 S. Hiawassee Road, Suite 116
Orlando, Florida 32835
Telephone: (407) 903-9939
pwillis@willisoden.com
charne@willisoden.com
ddrake@willisoden.com
