UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GRETHAKA OÜ,

    Plaintiff,

vs.

CLICK LABS, INC., SAMAR SINGLA, and CLICK-LABS.COM,

    Defendants.
_____/

CASE NO: 8:22-cv-01341-WFJ-SPF

**NORA JAIN'S RESPONSE AND INCORPORATED MEMORANDUM OF LAW IN OPPOSITION TO GRETHAKA OÜ'S MOTION TO COMPEL APEARANCE AT FORTHCOMING DEPOSITION; SANCTIONS AGAINST NORA JAIN AND REQUEST FOR HEARING TO SHOW CAUSE**

NORA JAIN ("Jain"), by and through her undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby files her Response and Incorporated Memorandum of Law in Opposition to Grethaka OÜ's Motion to Compel Appearance at Forthcoming Deposition; Sanctions and Request for Hearing to Show Cause, and in support states as follows:

1. On August 5, 2022, Plaintiff filed its Motion to Compel against Jain based upon an unidentified non-party subpoena. Plaintiff, however, has failed to attach the subpoena or the return of service to its motion in order for the Court to properly evaluate whether the subpoena has been issued and served in compliance

(9114-0001) - 00438729 v1                   1

with FRCP, Rule 45.  On this basis alone, Plaintiff's motion must be dismissed.  See Jenkins v. Winn-Dixie Stores, Inc., 2015 WL 12915699 (M.D. Fla. 2015).

2. Plaintiff asserts that it "noticed a request for production of documents to non-party" on July 29, 2022 but has not attached this purported notice to its motion or explained where this notice was sent.  Plaintiff asserts that Jain had until August 2, 2022 to comply with the unidentified subpoena but failed to comply by failing to appear in person.  However, on August 2, 2022, Jain provided Plaintiff with the documents outlined in the correspondence from Jain's counsel, with the responsive documents being provided via sharefile on the same day.  See Exhibit "A."

3. Plaintiff's lone assertion as the basis of its Motion is that Jain should have appeared in person on August 2, 2022.  Plaintiff's motion should be denied for a number of reasons, including 1) Jain has never been served with a subpoena that required her to appear in person, 2) nor has any subpoena that would have required her personal appearance been attached to the motion, and 3) Plaintiff has failed to meet its burden of proof of demonstrating that the unidentified Subpoena complied with the requirements of FRCP, Rule 45.

4. Jain has never been served with a subpoena that would have required her to appear for a deposition.  FRCP, Rule 45 expressly states that Jain is not required to appear in person for a subpoena that only seeks the production of documents.  It is Plaintiff's burden of proof to identify its purported subpoena that

required Jain to appear in person. Jain does not believe that any such subpoena exists and to the extent that Plaintiff is attempting to rely upon a subpoena that only required the production of documents then Plaintiff's entire motion is based upon a misreading of Rule 45.

5.      Plaintiff has also failed to meet its burden of proof establishing that the Subpoena was issued and served in compliance with FRCP, Rule 45. Specifically, the only Subpoena that Jain received, which was not for a deposition, failed to properly reference the issuing Court. The subpoena only references that the subpoena is coming from a United States District Court and does not properly identify the Court as the United States District Court for the Middle District of Florida. It also failed to set out the text of Rule 45(d) and (e). Finally, Jain has never been tendered a check for 1 day's attendance or the mileage allowed by law as is required for a subpoena requiring the non-party's attendance. In light of these facial defects, Plaintiff is unable to meet its burden of proof as to the enforceability of the unidentified subpoena.

6.      Plaintiff seeks sanctions and attorneys' fees pursuant to RFCP, Rule 37, however, Plaintiff does not have a remedy against a non-party pursuant to Rule 37. "Contempt is the only sanction available against a non-party witness for failure to comply with a subpoena." See Jenkins, 2015 WL 12915699 at *1. Furthermore, Plaintiff has failed to make a good faith effort to confer with Jain's counsel in an

effort to resolve its motion. Due to Plaintiff's failure to comply with the requirements of Rule 37 and also due to Plaintiff's failure to raise a good faith basis under Rule 37 for its asserted relief, Jain seek sanctions against Plaintiff for the attorneys' fees and costs incurred by her in defending against Plaintiffs motion. Jain has had to hire the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

## MEMORANDUM OF LAW

### I. Plaintiff Was Required to Attach the Subpoena and Return of Service to Its Motion

When a party fails to attach the subpoena being relying upon for a motion to compel or a motion for sanctions, the motion(s) should be denied. See Jenkins, 2015 WL 12915699 *1 - *2. When a party fails to do so, the Court cannot verify the form or content of the subpoena and the motion must therefore, be denied. See id.

### II. Plaintiff has Not Identified a Subpoena that Required Jain to Appear in Person

Jain is not aware of any subpoena being served on her that required her to appear in person. The only subpoena that she is aware of only commanded her to produce documents, specifically, documents related to the location of Samar Singla,

the business operations of Click Labs, Inc. and other matters relating to the Complaint.

FRCP, Rule 45(d)(2)(A) provides:

> *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

On August 2, 2022, Jain provided the responsive documents subject only to relevancy objections raised in the correspondence from her attorney. See Exhibit "A." Accordingly, the relief being sought, to compel Jain to appear at a deposition or to make her available for "verification purposes" is not supported by any subpoena that is only for the production of documents and Plaintiff has not identified any additional subpoenas requiring her to appear in person.

### III. **Plaintiff has not Met Its Burden of Proof As to the Enforceability of Any Subpoena Served On Jain.**

A party seeking to enforce a non-party subpoena must first demonstrate that is was properly issued and served. Johnson v. Petsmart, Inc., 2007 WL 2852363 (M.D. Fla. 2007). "A party may only be compelled to comply with a properly issued and served subpoena." Smith v. Midland Brake, Inc., 162 F.R.D. 683, 686 (D.Kan.1995); See also Holloman v. Mail-Well Corp., 443 F.3d 832, 843-44 (11th Cir.2006). In the instant case, Jain is not aware of any subpoena that required her

personal attendance and therefore, disputes that any such subpoena was issued or served in accordance with the requirements of Rule 45. Additionally, Rule 45(b)(1) required that Jain be tendered payment for 1 day's attendance and her mileage, which also never occurred. It should further be noted that the only subpoena that Jain is actually aware of (which it is not clear whether Plaintiff is referring to or not in its motion), which only purported to require the production of the documents that she has already provided, is not enforceable as it fails to comply with the requirements of Rule 45. That subpoena only references that the subpoena is coming from a United States District Court and does not properly identify the Court as the United States District Court for the Middle District of Florida. Additionally, that subpoena also failed to set out the text of Rule 45(d) and (e), which is yet another fatal defect to that subpoena. With regard to any further unidentified subpoenas, Plaintiff has similarly failed to satisfy its burden of proof.

**Conclusion**

For all of these reasons, Plaintiffs motion should be denied in its entirety. Additionally, Jain respectfully requests that the Court grant Jain her attorneys' fees in defending against Plaintiff's meritless motion.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 19th day of August, 2022, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                          */s/ Patrick H. Willis*
                                          **Patrick H. Willis, Esq.**
                                          Florida Bar No.: 0526665
                                          **Christopher M. Harne, Esq.**
                                          Florida Bar No.: 0800791
                                          **WILLIS & ODEN**
                                          2121 S. Hiawassee Road, Suite 116
                                          Orlando, Florida 32835
                                          Telephone: (407) 903-9939
                                          pwillis@willisoden.com
                                          charne@willisoden.com
                                          ddrake@willisoden.com