UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GRETHAKA SOLUTIONS OU,

Plaintiff,

vs.

CLICK LABS, INC., SAMAR SINGLA, and CLICK-LABS.COM,

Defendants.

CASE NO: 8:22-cv-01341-WFJ-SPF

_____/

**DEFENDANT, CLICK LABS, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Defendant, CLICK LABS, INC. ("Click Labs"), by and through its undersigned counsel, files its Supplemental Memorandum of Law in support of its Motion to Dismiss (Doc. 24) under Federal Rule of Civil Procedure 12(b)(6) as follows:

## Introduction

1. Plaintiff is an online application development and marketing company located in Finland.

2. Click Labs is a technology service provider located in Florida.

3. In its Complaint (Doc. 1), Plaintiff alleges that it entered into a Master Service Agreement ("MSA") with Click Labs, pursuant to which Click Labs was tasked with developing an online dating application called "Sextimer".

4.     Plaintiff claims that during the development process, it identified errors in work performed by Click Labs. In response, it demanded access to Click Labs's source code, which Click Labs naturally refused.

5.     Although it admits it did not pay Click Labs the full contract price under the MSA, Plaintiff alleges that Click Labs improperly stopped work and did not complete development of the app.

6.     In its Complaint, Plaintiff sued Click Labs under five counts: 1) Violation of 15 U.S.C. s. 45(a) (the "FTC Act"); 2) Breach of Contract; 3) Unjust Enrichment; 4) Fraud; and 5) Infliction of Emotional Distress.

7.     On August 8, 2022, Click Labs filed a Motion to Dismiss Plaintiff's Complaint (Doc. 24) under Federal Rule of Civil Procedure 12(b)(6).

## Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 12(b)(6) allows a party to file a motion asserting that a plaintiff's Complaint fails to state a claim upon which relief can be granted.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For a claim to have facial plausibility, the plaintiff must plead sufficient facts to allow the court to "draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* If the reviewing court can infer no more than the mere "possibility" of liability – rather than plausibility – then the Complaint falls short of meeting the standard to survive a motion to dismiss. *Id.* A Complaint comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'")

## Governing Law

Plaintiff alleges that this Court has subject matter jurisdiction resulting from diversity of citizenship, but does not allege what law governs the dispute. Plaintiff alleges that the contract between the parties, the MSA, was "believed to be performed" in Florida due to Click Labs having its principal place of business in Florida. The MSA itself does not contain a governing law provision. Therefore, for purposes of this Motion, Plaintiff's causes of action should be interpreted in accordance with Florida law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

## Count I – FTC Act

In Count I of its Complaint, Plaintiff sues Click Labs for allegedly violating 15 U.S.C. s. 45(a) (the "FTC Act"). While the allegations in this Count fall short of the standard of stating a claim to relief that is plausible on its face, it is unnecessary for the Court to conduct this analysis. This is because Section 5 of the FTC Act does not allow for a private right of action, and vests the exclusive right of enforcement

in the Federal Trade Commission. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 (11th Cir. 1985), n. 5, citing *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973) (no implied private right of action under FTC Act). Therefore, Count I of Plaintiff's Complaint should be dismissed.

## Count II – Breach of Contract

In Count II of its Complaint, Plaintiff sues Click Labs for breach of contract. Plaintiff alleges that it had paid Click Labs $100,000.00 for coding services performed when it was presented with "an ill-performing version" of the application. (Doc. 1, par. 39-40). At that point, Plaintiff demanded that Click Labs allow Plaintiff to review the Click Labs source code. (Doc. 1, par. 40). However, pursuant to the payment terms of the MSA, Click Labs was not required to hand over the source code until it received the final installment of $10,000.00 on a total contract price of $150,000.00. See Exhibit "A" to Plaintiff's Complaint. Therefore, even accepting Plaintiff's factual allegations as true, it admits to demanding performance from Click Labs – surrender of its source code -- for which it had not paid. The well-established law in Florida is that exhibits attached to pleadings which contradict the general allegations govern over the general allegations. *Santiago v. Mauna Loa Investments, LLC*, 189 So. 3d 752 (Fla. 2016). In this case, the payment terms of Exhibit "A" contradict Plaintiff's allegation that it was entitled to Click Labs's source code prior to paying the final installment on the contract price.

Given the sensitive and confidential nature of source code in computer programming, such a demand from Plaintiff, coupled with its failure to pay the contract in full, qualifies as a material breach of the contract. In Florida, when one party to a contract materially breaches its obligations first, the other party to the contract is discharged from having to perform its obligations. *Bradley v. Health Coalition, Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997) (holding that where an employer wrongfully refuses to pay the employee compensation, the employee is relieved of further obligations under the contract); *Focus Mgmt. Group USA, Inc. v. King*, 171 F. Supp. 3d 1291, 1297 (M.D. Fla. 2016); *Toyota Tsusho America, Inc. v. Crittenden*, 732 So. 2d 472, 477 (Fla. 5th DCA 1999) ("When a nonbreaching party to a contract is confronted with a breach by the other party, the nonbreaching party may stop performance, treating the breach as a discharge of its contractual liability"). Here, Plaintiff breached the MSA by refusing further payment and demanding Click Labs's source code. As a result, Click Labs was entitled to stop performance with its contractual liability discharged. Consequently, Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Further, Plaintiff improperly asserts a claim for punitive damages in paragraph 45 of Count II without establishing a sufficient factual basis that such a claim is warranted. Plaintiff alleges that it is entitled to punitive damages in the amount of $200,000.00 "to reflect Defendants [sic] continued fraudulent activity in the business of mobile and online application development." To the extent any

portion of Count II survives this Motion to Dismiss, Plaintiff's claim for punitive damages should be dismissed outright for its complete lack of facial plausibility.

Plaintiff also asserts a claim for breach of a non-disclosure agreement. Its requests relief in the form of a temporary restraining order "issued against the financial accounts of defendants" and against Defendants' website. Plaintiff does not explain how such an order would operate, or why it is required. To the extent the alleged breach of the non-disclosure agreement is incorporated into Plaintiff's claim for breach of contract, it should be dismissed for failure to state a claim upon which relief can be granted.

## Count III – Unjust Enrichment

In Count III of the Complaint, Plaintiff sues Click Labs for unjust enrichment. In Florida, a claim for unjust enrichment is an equitable claim based on a legal fiction which implies a contract as a matter of law in the absence of an actual contract between the parties. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th. Cir. 1999). To prove an unjust enrichment claim, the plaintiff must establish that: 1) it conferred a benefit on the defendant; 2) the defendant knew of the benefit; 3) the defendant accepted or retained the benefit; 4) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying fair value for it. *14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc.*, 43 So. 3d 877, 881 (Fla. 1st DCA 2010). Here, Plaintiff alleges the existence of an actual written contract. Additionally, it alleges that it paid Click Labs $100,000.00 under the contract for services performed in the ongoing

development of the application, and at some point Defendants stopped working on the project following a dispute over the quality of the work. However, Plaintiff has failed to allege that it conferred a benefit on Click Labs for which Plaintiff was not compensated. Further, Plaintiff fails to illustrate what the fair value of such a benefit might be. Therefore, Count III of Plaintiff's Complaint must be dismissed.

## Count IV -- Fraud

In Count IV of the Complaint, Plaintiff sues Click Labs for fraud. To prevail on an action for fraudulent misrepresentation, a plaintiff must establish: (1) a false statement concerning a material fact; (2) the representer's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Howard v. Murray*, 184 So. 3d 115, 1167 (Fla. 1st DCA 2015); *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 310 (Fla. 1st DCA 2011). In the present case, Plaintiff essentially restates its breach of contract allegations – that Click Labs's work contained errors which it failed to correct – and labels the count "fraud". To the extent Count IV even articulates a misrepresentation of fact – which it does not -- a fraud claim is completely inappropriate as a matter of law where the alleged misrepresentations are identical to the contract obligations, and where the theoretical tort damages are the same as the theoretical contract damages. *Islands Travel & Tours, Ltd., Co. v. MYR Independent, Inc.*, 300 So. 3d 1236 (Fla. 3rd DCA 2020).

Further, Federal Rule of Civil Procedure 9(b) states:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Here, Plaintiff has not stated its fraud claim with specificity, and has merely restated alleged violations that are identical to the contract obligations. Therefore, Count IV must be dismissed.

### Count V – Infliction of Emotional Distress

In Count V of the Complaint, Plaintiff sues Click Labs for infliction of emotional distress. Plaintiff does not specify whether Click Labs inflicted such emotional distress negligently or intentionally. It merely claims that "persons associated with Plaintiff" – a business organization – suffered emotional distress because Defendants prohibited Plaintiff from accessing the Sextimer application. Plaintiff does not identify these "persons", nor are they parties to the lawsuit. Rather, Plaintiff seems to be asking the Court to find that a company can suffer emotional distress vicariously through the distress of associated persons.

To state a cause of action for intentional infliction of emotional distress, a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering; (2) outrageous conduct; (3) the conduct caused the emotional distress; and (4) the distress was severe. *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 594 (Fla. 2d DCA 2007). Here, Plaintiff alleges none of these elements, and Count V should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August, 2022, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Christopher M. Harne
Patrick H. Willis, Esq.
Florida Bar No. 526665
Christopher M. Harne, Esq.
Florida Bar No.: 0800791
Willis & Oden, PL
2121 S. Hiawassee Road, Suite 116
Orlando, Florida 32835
Telephone: (407) 903-9939
pwillis@willisoden.com
charne@willisoden.com
ddrake@willisoden.com
