# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

GRETHAKA SOLUTIONS OÜ

    Plaintiff

v.

CLICK LABS, INC.

    Defendant

_____/

C.A. : 8:22-cv-01341-WFJ-SPF
Judge William Jung
Magistrate Judge Sean Flynn

## PLAINTIFF GRETHAKA SOLUTIONS OÜ'S
## MOTION FOR SANCTIONS

Defendant has failed to respond to Plaintiff Grethaka Solutions OÜ's ("Grethaka") Request for Production of Documents (set 2), which follows Defendant Click Labs, Inc.'s ("Click Labs") clear pattern of delay to respond to Grethaka's proper discovery process, which at this point has risen to the level of bad faith.  Grethaka thus files this Motion for Sanctions, accompanying its third Motion to Compel.  The third Motion to Compel follows Grethaka's first Motion to Compel (Dkt. 62), the Hearing for the first Motion to Compel (Dkt. 65), and Grethaka's second Motion to Compel (Dkt. 83).  Grethaka requests the Court impose sanctions against Click Labs, including payment of attorney's fees and sanctions relating to the filing of Grethaka's third Motion to Compel and this Motion for Sanctions.

## I.     Background.

Grethaka commenced this action on June 10, 2022. Upon the initiation of the discovery period, partially based upon Grethaka's first amended complaint, a Request for Production of Documents (set 1) ("Documents Set 1") was served upon Defendant's counsel on October 7, 2022. As a result of Click Labs' failure to fully respond to the discovery requests of Documents Set 1, Grethaka through its counsel filed a Motion to Compel on November 28, 2022 (Dkt. 62), moving the Court to require compliance with the requests of Documents Set 1 and sanctions under Rule 37.

Following an In-person Hearing on December 8, 2022 (Dkt. 65), the Court partially granted Grethaka's Motion to Compel.[1]

Grethaka served its first set of Interrogatories ("Interrogatories Set 1") upon Click Labs on March 3, 2023. Click Labs failure to respond included arguments that they viewed certain information was "confidential, proprietary, and subject to trade secret protection".[2] Click Labs first

---

[1] Dkt. 76 at pp. 10 ("Plaintiff's motion to compel (Doc. 62) is granted in part as to Request Nos. 1, 2, and 3 …").
[2] The argument of certain information being "confidential, proprietary, and subject to trade secret protection" was in response to Grethaka's request to identify the collaboration tools used by Click Labs in the course of development of the Sextimer project (Interrogatory No. 8).

incomplete responses and subsequent additional rounds of incomplete responses, Grethaka filed a Motion to Compel Response to Interrogatories on April 7, 2023 (Dkt. 83) ("Second Motion to Compel").[3] In its Order dated May 24, 2023, the Court granted Grethaka's Second Motion to Compel in part, ordering the submission of supplemental responses for Interragotory Nos. 2, 3-7, and 8-9 (Dkt. 88).

Grethaka filed its Second Amended Complaint on March 24, 2023 following the Court's grant of Click Labs Motion to Dismiss (Dkt. 80). The Second Amended Complaint set forth as its claims one, Breach of Contract and two, Breach of Implied Duty, both claims relating to the Master Service Agreement and associated parts signed May 2021 between Grethaka and Click Labs. Grethaka served a second set of Requests for Production of Documents on April 28, 2023 upon Click Labs' Counsel ("Request for Documents Set 2"). In its response dated May 30, 2023, Click Labs failed to produce any discovery as requested, instead providing a generalized statement for requests 1 through 7, that statement being:

> *"Defendant objects to producing any documents, electronically stored information or things that are confidential, proprietary, or subject to trade secret protection, including but not limited to source*

---

[3] The steps of Click Labs' incomplete initial response and incomplete additional responses are set forth in the Motion to Compel (Dkt. 83) at pp. 2-3.

> *code or any other confidential, proprietary information. Defendant further notes that Grethaka did not make full and final payment in accordance with the payment milestones of the MSA.*
>
> *Non-confidential, non-proprietary, and non-protected documents, if any, will be produced at a mutually-agreeable time and place."*

Due to time being of the essence, Click Labs continuing and clear pattern of delaying discovery, and Click Labs latest example of obfuscation in response to legitimate and relevant discovery requests, Grethaka files its Motion to Compel and this Motion for Sanctions in order to compensate the Court and the other party for the added expense caused by Click Labs' abusing behavior, to deter them from engaging in similar conduct for the remainder of the discovery period, and to penalize Click Labs following the Court's previous instruction of the necessity to produce documents when responding to request for production.

## II. Legal Standard.

Motions to compel discovery are committed to the sound discretion of the trial court. See *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). Federal Rule of Civil Procedure 37(a) permits

4

the Court to impose the sanctions, among others, of payment of reasonable expenses and attorney's fees incurred in making the motion, and to compel production.

Rule 37 sanctions *"are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter … similar conduct, and 4) penalize the offending party"*. *Alfaro v. Anheuser-Busch, LLC,* No. 3:14-CV-977-J-32JRK, 2017 WL 1683185, at \*15 (M.D. Fla. Feb. 24, 2017); *see also, CS Bus. Sys., Inc. V. Schar,* No. 5:17-CV-86-Oc-PGBPRL, 2017 WL 9939116, at \*1 (M.D. Fla. Sept. 5, 2017) ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." (quoting, *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir. 1999))). The Court has inherent authority to impose sanctions for abusive litigation practices. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545 (11th Cir. 1993). The inherent power extends to parties to litigation. *Id.* To determine appropriate sanctions, the Court should consider whether the offending party's "conduct demonstrates a clear pattern of delay …" *Alfaro,* 2017 WL 1683185, at \*13.

### III. Discussion.

A.     Failure to Produce Documents.

Click Labs failed to produce the following documents in response to Grethaka's Request for Production of Documents Set Two:

**REQUEST NO. 1:** Please produce all Documents, Electronically Stored Information, and Things relating to the User Story Document(s) you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 2:** Please produce all Documents, Electronically Stored Information, and Things relating to the Wireframe(s) you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 3:** Please produce all Documents, Electronically Stored Information, and Things relating the System Architecture you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 4:** Please produce all Documents, Electronically Stored Information, and Things relating to the Directory Structure & Data Flow you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 5:** Please produce all Documents, Electronically Stored Information, and Things relating to the System Architecture diagram you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 6:** Please produce all Documents, Electronically Stored Information, and Things relating to the RTM (Requirement Traceability matrix) you developed for Plaintiff's Project, including in any and all File Formats and Metadata.

**REQUEST NO. 7:** Please produce all documents, electronically stored information, and things relating to the Release Plan you develop for Plaintiffs GRETHAKA SOLUTIONS OÜ relating to the Plaintiff's Project.

Grethaka's requests above were based upon documents purported to have been created under the Master Service Agreement.[4]

**B.     Click Labs willfully refused to provide documents, a continuation of its failure to comply.**

---

[4] These documents were to have been created under the heading 'Project Deliverables' of pp. 16-17 of the Master Service Agreement.

Click Labs is willfully defying the discovery process by refusing to provide valid documents that are accurately referred to in the Master Service Agreement.  These documents reflect the work purported to have been created in the development of the Sextimer application.  Click Labs continual refusal to participate in discovery, requiring Grethaka to repeatedly attempt to acquire needed and appropriate information, is vexatious and rises to the level of bad faith.  In fact, even while being admonished in the previous hearing relating to the production of documents, Click Labs through their counsel continues the same misbehavior.

In this latest instance, Click Labs providing nothing in discovery except for the same paragraph that makes conclusory statements of "trade secret protection" and "… Grethaka did not make full and final payment …" without noticing to the fact that the documents should have been made per the terms of the Master Service Agreement during the development of the Sextimer project on Grethaka's behalf.

Click Labs' failure to comply has, and is, impeding the discovery process, improperly shifted the burden and cost of document production to Grethaka, and thus caused Grethaka to incur significant and unnecessary expense.  Click Labs is effectively attempting to halt the orderly resolution

of this case by halting the sharing of valuable and needed documents and information.

**C.     In addition to compelling production, the Court should award attorneys' fees and costs.**

Under Rule 37, in addition to compelling production for the Grethaka's Request for Production of Documents Set Two, the Court should require Click Labs to pay Grethaka's reasonable attorneys' fees incurred in relation to the discovery issues presented in the Motion to Compel Production of Documents Set Two and this Motion for Sanctions.

**IV.    Conclusion.**

Grethaka requests that the Court sanction Click Labs for its failure to participate in discovery, and to deter future similar behavior and as punishment to date.

## Local Rule 3.01(g) Certification

Grethaka attempted to confer with Click Labs on this matter *via* email sent prior to the filing of its third Motion to Compel and this Motion for Sanctions.  In light of Click Labs' continual behavior and due to the limited

period of time for the closure of the discovery period, the motions to Compel and Sanctions were filed.

Dated: June 2, 2023

Respectfully submitted:
/s/ Robert M. DeWitty
Robert M. DeWitty
*Appearing Pro Hac Vice*
Attorney, Plaintiff Grethaka Solutions OÜ
DeWitty and Associates
1333 New Hampshire Ave., 3rd Fl., No. 131
Washington, D.C. 20036
Tele: 2025717070 /8665599183
Fax: 2025138071
Email: admin@dewittyip.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of this MOTION FOR SANCTIONS dated June 2, 2023, was emailed to the counsel for Defendant CLICK LABS, INC. in accordance with the following:

Defendant's Counsel:
Mr. Christopher Harne
CHarne@willisoden.com
On June 2, 2023.

      /s/ Xiaoqing Shen
      Xiaoqing Shen
      DeWitty and Associates
1333 New Hampshire Ave., 3rd Fl., No.131
Washington, D.C. 20036
Tele: 2025717070 / 8665599183
Fax: 2025138071
Email: admin@dewittyip.com