# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GRETHAKA SOLUTIONS OU**,

    Plaintiff,

v.                                 Case No. 8:22-cv-1341-WFJ-SPF

**CLICK LABS, INC.,**

    Defendant.

_____/

## ORDER

Before the Court is Defendant Click Labs, Inc.'s ("Click Labs") Motion in Limine to prohibit the introduction of Plaintiff Grethaka Solutions OU's ("Grethaka") Sextimer Business Plan (the "Business Plan") (Dkt. 119). Grethaka has responded in opposition (Dkt. 125). Upon careful consideration, the Court grants Click Labs' Motion.

## LEGAL STANDARD

A motion in limine is a "motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Given that these motions are generally disfavored, "[e]vidence is excluded upon a motion in limine only if the evidence is clearly inadmissible for any purpose." *Acevedo v. NCL (Bah.) Ltd.*, 317

F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Rulings on motions in limine are subject to change as the case unfolds. *Luce*, 469 U.S. at 41.

## DISCUSSION

Click Labs argues that the Business Plan constitutes inadmissible hearsay under Federal Rule of Evidence 802 because it was prepared by and includes the opinions, projections, and research of David Ivanciuc, a witness who is not appearing in court. *See* Dkt. 119 at 2. Grethaka responds that (1) the Business Plan was co-created by Mr. Ivanciuc *and* Grethaka CEO Allan Jortis, who will be able to testify; and (2) the Business Plan may be admitted under Federal Rule of Evidence 803(3) as a statement of the declarant's then-existing state of mind. Dkt. 125 at 3. At this time, the Court agrees with Click Labs.

"The Federal Rules of Evidence define hearsay as 'a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted.'" *United States v. Nosovsky*, 269 F. App'x 915, 916 (11th Cir. 2008) (quoting Fed. R. Evid. 801(c)). Hearsay is inadmissible unless a federal statute, the federal rules of evidence, or other rules provide an exception. Fed. R. Evid. 802. One such exception is Rule 803(3), which makes admissible "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as

mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed[.]" Fed. R. Evid. 803(3).

The Eleventh Circuit has explained that Rule 803(3) "does not permit [a witness or document] to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of mind." *United States v. Samaniego*, 345 F.3d 1280, 1282 (11th Cir. 2003) (internal quotations and citation omitted). Instead, "the exception is limited to statements about the declarant's present state of mind[.]" *Nosovsky*, 269 F. App'x at 916. And "before a statement, otherwise hearsay, can be admitted under 803(3) to show the declarant's then-existing state of mind, the declarant's state of mind must be a relevant issue in the case." *Prather v. Prather*, 650 F.2d 88, 90 (5th Cir. 1981) (cleaned up).

Given the foregoing, Rule 803(3) does not apply to the Business Plan. Even if the Business Plan was created by Mr. Jortis alone, Grethaka wholly fails to explain how Mr. Jortis' then-existing state of mind is relevant to this case. *See generally* Dkt. 125.  What is more, the Business Plan is a forty-eight page out-of-court statement that explains the market-research basis of Click Labs' projections for a future business operation. *See generally* Dkt. 125-1. It follows that the Business Plan is primarily focused on why its declarant had a particular state-of-mind or plan, not on what that state-of-mind or plan was. Rule 803(3) does not

allow one to relate this type of information. *See United States v. Duran*, 596 F.3d 1283, 1297 (11th Cir. 2010) (finding that the state-of-mind exception does not permit statements as to why a declarant held a particular state of mind).

## CONCLUSION

At this time, the Court finds the Business Plan inadmissible notwithstanding Rule 803(3). Grethaka may seek to have it admitted into evidence at trial should grounds not presently apparent present themselves.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Click Labs' Motion in Limine (Dkt. 119) is **GRANTED.**

**DONE AND ORDERED** at Tampa, Florida, on February 23, 2024.

*/s/ William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record